**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SETH DAW, an individual,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01893-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S OPPOSED MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY AND SCHEDULING ORDER RECOMMENDATIONS**

## STATEMENT OF ISSUES

1. Whether the Court should stay discovery and all pretrial deadlines including the requirement for the parties to submit scheduling recommendations pending the resolution of the United States' Motion to Dismiss.

Defendant, United States of America, files this Opposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations[1], pursuant to Federal Rule of Civil Procedure 26(c) and in support thereof, would show the Court the following:

## I. PROCEDURAL BACKGROUND

1. On July 14, 2026, Plaintiff filed his First Amended Complaint for Damages Under the Federal Tort Claims Act (Plaintiff's Complaint). ECF No. 3

2. The United States was served on July 23, 2026. ECF No. 6.

3. In lieu of an Answer, on September 21, 2026, the United States filed a Motion to Dismiss (Defendant's Motion). ECF No. 7. Defendant's Motion asserts that the Court lacks subject matter jurisdiction over the allegations in Plaintiff's Complaint because they are barred by the detention of goods exception to the Federal Tort Claims Act.

4. After obtaining leave, Plaintiff filed an Amended/ Corrected Response in Opposition to Defendant's Motion to Dismiss on October 7, 2026.

5. Pursuant to this Court's Standing Order, Local Rule CV-16, and Federal Rule of Civil Procedure 26(f), the parties must confer by October 15, 2026; thereafter, the parties' Initial Disclosures are due on October 29, 2026; and the Report of Parties' Planning Meeting is due on November 5, 2026.

6. Defendant respectfully requests the Court stay discovery (including the requirement to exchange Initial Disclosures) together with the requirements for the parties to confer and submit scheduling recommendations in the form of a Report of Parties' Planning

[1] By asking the Court to be excused from the requirement to submit scheduling recommendations, Defendant necessarily requests the Court to stay those pretrial deadlines.

Meeting, until the Court has an opportunity to consider and rule on the jurisdictional defense raised by the United States.

## II. ARGUMENT AND AUTHORITIES

The control of discovery "is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *see also Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015) (discovery rulings reversed only where they are arbitrary or clearly unreasonable).

A ruling on a motion to stay is a matter of judgment which is reviewed under the abuse of discretion standard. *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014) (per curiam). It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion presenting a question of law, where discovery would not be useful to the resolution of the pending motion. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (per curiam) (citation omitted). "[It is] 'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits." *Id.* (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)).

"A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984)). Plaintiff asserts that his cause of action arises under the FTCA. ECF No. 3, ¶ 1. It is well settled that the FTCA is a limited waiver of sovereign immunity and permits suit only on terms and conditions strictly prescribed by Congress. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). The condition of the waiver of sovereign immunity defines the subject matter jurisdiction of the federal courts and must be strictly construed. *McMahon v. United States*, 342 U.S. 25, 27 (1951).

The FTCA provides federal courts with jurisdiction to hear certain claims but withholds jurisdiction as to other tortious acts. *Cazales v. Lecon, Inc.*, 994 F. Supp. 765, 770 (S.D. Tex. 1997) (citing *United States v. Orleans*, 425 U.S. 807, 813-14 (1976)). One limitation on a court's subject matter jurisdiction under the FTCA is the detention of goods exception in 28 U.S.C. § 2680(c)). "Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate a claim. It is a defense to the burdens of litigation, not just the burdens of liability." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987) (analyzing exceptions to the Federal Tort Claims Act). "Until this threshold immunity question is resolved, discovery should not be allowed." *Id. quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Additionally, the party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of discovery. *See Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013).

Therefore, until this Court has had an opportunity to consider the United States' threshold motion, the United States respectfully requests that no discovery be allowed to proceed, and that the requirements of Rule 26 also be stayed.

## III. CERTIFICATE OF CONFERENCE

Counsel for the United States hereby certifies that a draft of the proposed Motion for Protective Order to Stay Discovery and Scheduling Order Recommendations was provided to Plaintiff's counsel by email on September 28, 2026. Thereafter the parties conferred via teleconference on October 8, 2026. Plaintiff is opposed to the relief requested.

## IV. CONCLUSION

Defendant, United States of America, prays that its Motion for Protective Order to Stay Discovery and Scheduling Order Recommendations be in all things granted, that discovery in this cause of action be stayed until this Court has had an opportunity to consider and rule on the United States' Motion to Dismiss, and for any further relief to which it may be justly entitled.

Respectfully submitted,

**JUSTIN R. SIMMONS**
UNITED STATES ATTORNEY

By: /s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas State Bar No. 24046785
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: Angelica.Saenz@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant: Marisa A. Ong, Singletons Schreiber, LLP, *Attorney for Plaintiff.*

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SETH DAW, an individual,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01893-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**ORDER**

CAME ON TO BE CONSIDERED, Defendant, United States of America's Opposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations in the above-styled and numbered cause, and the Court having considered the Motion, is of the opinion that it should be **GRANTED.**

IT IS, THEREFORE, ORDERED that the Motion for a Protective Order to Stay Discovery and Scheduling Order Recommendations is granted and that this cause be stayed and all further proceedings be abated until further ordered by the Court.

**SIGNED** and **ENTERED** this _day of ________________, 2026.

______________________________
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**